## ADAMS AND BOYD v. THE GOVERNOR.

1. In an action on a tax collector's bond, when the issue is, that the principal obligor had assessed, collected, and paid over the taxes, it is competent for the plaintiff to inquire of a witness, as to the probable amount of the taxes,—there being no proof that the tax collector had deposited any evidence of an assessment in the proper office.

Writ of error to the Circuit Court of Macon County.

ACTION of debt on a penal bond, conditioned that Adams should faithfully perform the duties required of him, by an act of the Legislature, passed 9th January, 1836, in the assessing and collecting of taxes for Macon county, during the year 1838, agreeable to the provisions of the laws then in force. Plea: That he did assess, collect, and pay over the taxes. Verdict and judgment for the plaintiff.

During the trial, and after the plaintiff had given in evidence the bond declared on, the defendants proved that Adams had paid to the county treasurer, seven hundred and seventy dollars on account of the taxes for 1838. The plaintiff then asked the witness, (who was county treasurer) what was the probable amount of taxes for Macon county for the year 1838? This question was objected to by the defendant, but was allowed by the court. There was no proof that the tax collector had deposited any evidence of the assessment of taxes with the county clerk, or in his office. The sole point presented by the assignment of error, arises out of the allowance of the question asked the witness.

CAMPBELL, for the plaintiff in error.
BASCOM, contra.

GOLDTHWAITE, J.—The case presented by the bill of exceptions, is exceedingly naked, and we are in doubt whether the objection to the question asked the witness, applies to the propriety of making the enquiry after closing the proof; or, to the competency of an affirmative answer to ascertain the amount of injury sustained by the county. We have not the aid of an argument from the counsel for the plaintiff in error, and are therefore left to conjecture the reasons on which this case is sought to be reversed.

If, as may have been the case at the trial, the plaintiff had closed his evidence, it is only necessary to remark that it was entirely within the discretion of the circuit court, to allow proper evidence to be given at at any stage of the proceedings.

If the objection, as we are inclined to believe, was taken in its other aspect, it may require a brief examination to dispose of it. As nothing is stated in the bill of exceptions, of the state of the evidence before the jury, we are authorized to infer it was proved or conceded, that no assessment of the taxes was made by Adams, the tax collector; and, in this event, the most important inquiry for the jury, would be the *quantum* of injury sustained by the county. If this was the inquiry, it cannot be said that any mode existed of ascertaining, with certainty, the amount of taxes which should have been assessed and collected. If the lists of previous years had been produced they would have shown no facts from which any more definite or certain conclusions could be drawn than from testimony of witnesses; indeed witnesses would still be necessary to inform the jury, whether the tax paying population had increased or diminished. We are not informed what the answer was; nor can we ascertain what injury, if any, was done by the examination.

One view of this case will suffice, not only to show that this question was legal, but that all other questions to any witness, must at least, have terminated in this,—without it was necessary to summon every owner of land lying within the county, as well as every resident inhabitant. When any witness whatever, was called, it must be conceded that, the first question

would be—-Do you know the amount of the taxes of Macon county? His answer would necessarily be, that he did not know with *certainty*, but from a careful examination of the facts within his knowledge, he believed they would *probably* amount to such or such a sum. From the very nature of the subject, *certainty* could not be attained, and the jury under any circumstances, must have acted on *possibilities*.

We have thus shown, that under some circumstances, this question would not only be proper, but the only appropriate one; if rendered improper by any circumstances attendant on this trial, the defendants were bound to show it; and not having done so, they cannot complain of error.

Let the judgment be affirmed.